IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Clara & Mark Sequak,
Plaintiff(s),

vs.

Eric L. Noble, M.D.; John Thomas Boyd, M.D.; Amie C. Wu, M.D.; and Regan A. Ramsey, M.D.,
Defendant(s).

CASE NO. 3AN-17-10291 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: John Thomas Boyd, M.D.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Margaret Simonian, whose address is: Dillon & Findley, P.C. 1049 W. 5th Ave., #200, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Miller and Master ______.

[ ] This case has been assigned to District Court Judge ______.

CLERK OF COURT

11/8/17
Date

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

By: [signature]
Deputy Clerk

I certify that on 11/8/17 a copy of this Summons was [ ] mailed [X] given to [ ] plaintiff [X] plaintiff's counsel along with a copy of the [ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order to serve on the defendant with the summons.
Deputy Clerk [initials]

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CLARA and MARK SEQUAK,

Plaintiffs,

vs.

ERIC L. NOBLE, M.D.; JOHN THOMAS BOYD, M.D; AMIE C. WU, M.D.; and REGAN A. RAMSEY, M.D.,

Defendants.

Case No. 3AN-17-10291 CI

COPY
Original Received
NOV 08 2017
Clerk of the Trial Courts

**COMPLAINT**

COME plaintiffs, through counsel, the law firm of Dillon & Findley P.C., and for their respective causes of action, allege as follows:

1. Plaintiff Clara Sequak is currently a resident of the State of Illinois. During all times relevant to the claims alleged herein, Clara Sequak was a resident of the State of Alaska. Plaintiff Mark Sequak is and was a resident of Anchorage, Alaska during all times relevant to the facts alleged herein.

2. Defendant Eric L. Noble, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

relevant times alleged herein, a resident of Eagle River, Alaska.

3. Defendant John Thomas Boyd, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

4. Defendant Amie C. Wu, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

5. Defendant Regan A. Ramsey, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

6. Jurisdiction in this Court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3.[1]

---

[1] This case involves care received at the Alaska Native Medical Center. It is likely that some if not all of the providers named were federal employees at the time of the care rendered to baby Mark and their care is governed by the Federal Torts Claims Act ("FTCA"). A proper administrative Form 95 has been filed to toll the statute of limitations for the federal action. However, federal case law does not protect the state statute of limitations for any healthcare provider who is not an employee of the federal government under the FTCA. Since there is no way to ensure that the healthcare providers who provided care to baby Mark were federal employees before the expiration of the state statute of limitations, this Complaint is necessary to require the United States Government to certify the status of each provider involved in his care.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

## FACTUAL BACKGROUND

7. Baby Mark Sequak was born on November 10, 2015 at Alaska Native Medical Center. He was born at 38 weeks gestation, a normal vaginal delivery, and weighed 8.07 pounds. His APGAR scores were 8 at 1 minute and 9 at 5 minutes.

8. Baby Mark was allowed to stay with his mother in her room.

9. On the morning after his birth he was evaluated by Dr. John Thomas Boyd and noted to have soft, non-tender, non-distended abdomen with normal bowel sounds and no organomegaly.

10. However, later that evening, Londa Larson, R.N. contacted Dr. Boyd several times throughout the shift with concerns about infant's lack of feeding and vomiting. Dr. Boyd was unconcerned and thought infant had enough fat stores to keep him safe from hypoglycemia. Baby Mark was noted to be lethargic.

11. Dr. Eric Noble was notified by telephone that evening by Kimberly Boone, R.N. that baby Mark was not feeding.

12. Dr. Noble evaluated baby Mark after that call at 21:44 by noting that he was notified that baby Mark was not feeding well and was spitting up during the day.

13. Dr. Noble noted only 15 cc of formula, only five minutes of breast feeding, only one wet diaper, and two smears.

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

Dr. Noble noted that baby Mark's abdomen was not distended. He also noted that baby Mark "was not a very active baby."

14. Dr. Noble ordered a lavage of the stomach with 15 cc of saline and a glycerine suppository, as well as a renal ultrasound given family history of Wilms. Dr. Noble noted that sepsis was on his differential diagnosis list, even though baby Mark did not have the risk factors.

15. Dr. Amie C. Wu evaluated baby Mark the following day, November 12, in a note signed and verified at 5:39 p.m. Dr. Wu noted baby Mark was not latching, but was taking expressed breast milk, 1.5mL, by syringe "though is spitty with that volume" and "still appears gaggy but not having any significant emesis." Dr. Wu included the ultrasound report from that day in her note. It reported baby Mark's pancreas was "heavily obscured by overlying bowel gas, limited visualized portion appears within normal limits." It also reported that baby Mark had a "small amount of fluid in the right upper quadrant adjacent to the right kidney."

16. Dr. Wu noted with a question mark the significance of the fluid in the right upper quadrant and wrote "consider checking with radiology." She decided not to discharge baby Mark because the inadequately established feedings. Dr. Wu also ordered a lactation consultant.

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

17. Dr. Wu documented a conversation with the radiologist at 6:10 p.m. and noted that she was unclear about the clinical significance of the free fluid. Dr. Wu noted to "consider repeating the AUS in 1 week to re-evaluate."

18. Jodie May Sides, R.N. documented that at 15:36 on November 12, now nearly 48 hours after baby Mark's birth, he has not stooled, and has only had 2 "smear[s]" since birth. Ms. Sides documented that "poor feeding" and "no stool" "only smear X2 since birth."

19. During the evening of November 12, baby Mark's condition deteriorated. At 19:29, baby Mark's glucose level was reported at 38, a critical level with the normal range between 65 and 99.

20. Carmen McDowell, R.N. contacted Dr. Noble at 20:00, or 8:00 p.m., to report baby Mark's low glucose lab results. Dr. Noble responded that the nurse should follow blood sugar protocols. At 21:56, baby Mark's glucose remained low at 50.

21. At 23:00, or 11:00 p.m. that same night, Carmen McDowell, R.N. noted that baby Mark's abdomen was distended. At 12:50 a.m. on November 13, baby Mark's glucose again dropped to a critical level of 40.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

22. Nurse McDowell called Dr. Noble at 1:00 a.m. on November 13 reporting both the blood sugar problem and the distended abdomen and girth.

23. Three and ½ hours later Dr. Noble evaluated baby Mark and transferred him to the NICU because of his hypoglycemia. Dr. Noble noted the concerning trend in baby Mark's glucose levels. Dr. Noble notes baby Mark is more interested in feeding now. Yet, Dr. Noble instituted a nasogastric feeding tube to feed baby Mark, as well as continuing intravenous fluids. Dr. Noble noted that a critical hypoglycemia lab was not necessary, but would consider it if the low glucose persisted.

24. Baby Mark was not evaluated by a doctor again on November 13. His abdomen continued to be distended. He had no stool. He had one reported session of breastfeeding.

25. The next afternoon, on November 14, baby Mark was evaluated by Dr. Regan Ramsey. Dr. Ramsey notes baby Mark's abdomen is non-distended, but the nursing notes that day report it as distended. Baby Mark remained on a feeding tube. Dr. Ramsey notes the hypoglycemia is resolved.

26. Throughout the day on November 14 baby Mark was not breastfeeding. Some "loose" stools are documented.

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

27. Dr. Ramsey evaluates baby Mark on November 15 at approximately 11:46 a.m. Dr. Ramsey decided to transfer baby Mark out of the NICU to a room to promote breastfeeding with his mother Clara Sequak. He notes that the feeding tube was necessary because Mom not present for breastfeeding.

28. But, the nursing notes that day indicate that "parents at bedside most of the day, appropriate and attentive," and also describe Clara's futile attempts to breastfeed baby Mark because of his lack of suckle.

29. Dr. Ramsey also states baby Mark's abdomen is non-distended.

30. But, the nursing notes from that day document baby Mark's abdomen remains distended and even noted a measurement of 36 cm. The nursing notes also indicate baby Mark is unable to elicit a suck.

31. On Dr. Ramsey's orders, baby Mark was discharged to a room out of NICU at some point that day. He would not breastfeed despite many attempts described in the nursing notes. The nursing notes describe baby Mark as too sleepy to breastfeed, despite attempts to wake him. Baby Mark had generalized jaundice with a bilirubin of 14.27.

32. On November 16, baby Mark was four days old and was still on a feeding tube. Dr. Ramsey's note signed at

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

11:07 a.m. that day notes that the lactation consultant was concerned about baby Mark's lack of rooting/suck. Baby Mark was no longer in the NICU. Dr. Ramsey again notes that baby Mark's abdomen was not distended.

33. But, again the nursing notes describes his stomach as distended, now measuring 39 cm.

34. Dr. Noble made an entry at 6:28 p.m. noting "baby still not interested in latching although per mom did so earlier in the week. Thyroid functions look normal. Will add a MRI of the head for tomorrow and CMP and ammonia level this evening." Baby Mark's thyroid laboratory results were both high. Dr. Noble did not note any physical examination of baby Mark, mention his jaundice, or his elevated bilirubin level.

35. No comprehensive blood panel or chemical panel was ordered between November 13 and November 16, before Dr. Noble ordered blood for an ammonia level at 6:11 p.m. on November 16.

36. At 7:00 p.m., Carolyn Wohlers, R.N. documented a distended, firm and rigid abdomen, a firm stool in hard chunks. She described baby Mark as lethargic, weak, with hypotonic movements. She called Dr. Noble because of the declining status of baby Mark. She reported a condition change noting that baby Mark had abnormal assessment findings, severe jaundice, a protuberant abdomen measuring 40 cm, listlessness,

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

tachypneic, grunting with respirations, and intercostal retractions.

37. At 8:45 p.m., intrahospital transfer was ordered by Dr. Elizabeth Gotcsik. She also ordered at 8:46 p.m. an abdominal x-ray. The x-ray revealed diffuse pneumatosis, and necrosis with a perforation in the bowel.

38. Blood was collected at 9:49 p.m. Those results showed baby Mark was septic, with a white blood cell count at 2.06, a critically low level, his platelet count was low, and his C-reactive protein was high.

39. Dr. Gotcsik noted that Clara told her that Mark, Sr. had a history of Hirschsprung's disease requiring surgery in infancy. She also noted that a suppository was given because of baby Mark's failure to stool after birth.

40. Baby Mark was transferred to Providence Alaska Medical Center NICU and was immediately brought to surgery for a subtotal colectomy. He had multiple perforations and necrosis of the colon, a total colectomy was required. Baby Mark remained unstable and critically ill after the surgery.

41. Baby Mark coded the following morning at 9:40 a.m., and resuscitation efforts were unsuccessful.

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

42. Baby Mark's resected colon was sent to pathology and revealed the absence of ganglion cells diagnosing Hirschsprung's disease.

43. Hirschsprung's disease is a treatable disease with surgery with most patients enjoying a normal quality of life after corrective surgery.

**COUNT I – WRONGFUL DEATH AS 09.15.010**

Plaintiffs re-allege paragraphs 1 through 43 as if fully set forth herein and further allege as follows:

44. Defendant Dr. Eric L. Noble owed a duty to baby Mark to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of pediatrics.

45. Dr. Noble either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of pediatrics and was negligent and/or reckless in at least the following ways: failing to properly evaluate, assess, refer and treat baby Mark.

46. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Dr. Noble caused baby Mark

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

pain and suffering and death, and caused Clara and Mark Sequak pain and suffering.

**COUNT II - WRONGFUL DEATH AS 09.15.010**

Plaintiffs re-allege paragraphs 1 through 46 as if fully set forth herein and further allege as follows:

47. Defendant Dr. John Thomas Boyd owed a duty to baby Mark to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of pediatrics.

48. Dr. Boyd either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of pediatrics and was negligent and/or reckless in at least the following ways: failing to properly evaluate, assess, refer and treat baby Mark.

49. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Dr. Boyd caused baby Mark pain and suffering and death, and caused Clara and Mark Sequak pain and suffering.

**COUNT III - WRONGFUL DEATH AS 09.15.010**

Plaintiffs re-allege paragraphs 1 through 49 as if fully set forth herein and further allege as follows:

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

50. Defendant Dr. Amie C. Wu owed a duty to baby Mark to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of pediatrics.

51. Dr. Wu either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of pediatrics and was negligent and/or reckless in at least the following ways: failing to properly evaluate, assess, refer and treat baby Mark.

52. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Dr. Wu caused baby Mark pain and suffering and death, and caused Clara and Mark Sequak pain and suffering.

**COUNT IV – WRONGFUL DEATH AS 09.15.010**

Plaintiffs re-allege paragraphs 1 through 52 as if fully set forth herein and further allege as follows:

53. Defendant Dr. Regan A. Ramsey owed a duty to baby Mark to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of pediatrics.

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

54. Dr. Ramsey either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of pediatrics and was negligent and/or reckless in at least the following ways: failing to properly evaluate, assess, refer and treat baby Mark.

55. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Dr. Ramsey caused baby Mark pain and suffering and death, and caused Clara and Mark Sequak pain and suffering.

WHEREFORE, plaintiffs pray for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, pain and suffering and death;

2. For costs, attorney's fees and pre-judgment interest; and

3. For such other and further relief as the Court deems just and proper.

DATED this 8th day of November 2017, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: ______________________
Margaret Simonian
ABA No. 9901001

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

CLARA and MARK SEQUAK,
Plaintiffs,

vs.

ERIC L. NOBLE, M.D.;
JOHN THOMAS BOYD, M.D;
AMIE C. WU, M.D.; and
REGAN A. RAMSEY, M.D.,
Defendants.

Case No. 3AN-17-10291 CI

COPY
Original Received
NOV 08 2017
Clerk of the Trial Courts

**DEMAND FOR JURY TRIAL**

Plaintiffs, through counsel, the law firm of Dillon & Findley, P.C., hereby request and demand a trial by jury on all issues triable of right by jury in the above-referenced matter.

DATED this 8th day of November 2017, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: ______________________
Margaret Simonian
ABA No. 9901001

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CLARA and MARK SEQUAK, )
)
Plaintiffs, )
)
vs. )
)
ERIC L. NOBLE, M.D.; )
JOHN THOMAS BOYD, M.D; )
AMIE C. WU, M.D.; and )
REGAN A. RAMSEY, M.D., )
)
Defendants. )
_______________________________) Case No. 3AN-17-10291 CI

COPY
Original Received
NOV 08 2017
Clerk of the Trial Courts

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

**ENTRY OF APPEARANCE**

The law firm of Dillon & Findley P.C. hereby enters its appearance on behalf of the plaintiffs in the above-captioned case. All future pleadings and documents should be served on Dillon & Findley, P.C. at 1049 W. 5th Avenue, Suite 200, Anchorage, AK 99501.

DATED this 8th day of November 2017, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiffs

By: ______________________
Margaret Simonian
ABA No. 9901001